Minute Order Form (04/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4161 | **DATE** | 2/14/2003 |
| **CASE TITLE** | Day vs. Conwell, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendants' motion to dismiss the complaint. This action is therefore dismissed for failure to state a claim upon which relief can be granted. Any pending motion in this case is terminated as moot. All schedules including pretrial conference set for 7/10/03 and trial set for 9/15/03 are also vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 18 2003 date docketed | |
| | Docketing to mail notices. | | | 30 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/14/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | 03 FEB 14 PM 5:09 Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEE ANTOINE DAY, )
)
Plaintiff, )
)
v. )
) No. 02 C 4161
HUGH CONWELL, RICHARD CURLEY, and )
the CITY OF CHICAGO, )
)
Defendants. )

DOCKETED
FEB 1 8 2003

MEMORANDUM OPINION AND ORDER

Plaintiff Lee Antoine Day sued defendant police officers Hugh Conwell and Richard Curley under 42 U.S.C. § 1983, alleging illegal seizure and conspiracy. In addition, Mr. Day alleges state common law claims against the officers as well as defendant City of Chicago for false arrest and intentional infliction of emotional distress. Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). I grant the motion.

I. Background

On a motion to dismiss, I take all allegations in the complaint as true. *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 401 (7th Cir. 1996). The facts as alleged by Mr. Day are as follows. On September 1, 1990, two people were shot, one of whom died. Officers Conwell and Curley were assigned to investigate the homicide. Mr. Day claims that officers Conwell and Curley

conspired to have him picked out of an in-person lineup by an eyewitness to the shooting. He also alleges that Officer Curley prevented another eyewitness, who claimed that Mr. Day was not present at the shooting, from exculpating Mr. Day. Based on the lineup, he was arrested and taken into custody without a warrant. On January 29, 1993, Mr. Day was sentenced to sixty years in the Illinois Department of Corrections. On May 8, 2002, however, he was released from custody after the State's Attorney dismissed all charges against him.

Defendants move to dismiss all claims against them as time-barred. A statute of limitations defense is generally not appropriately raised in a motion to dismiss because a plaintiff is not required to negate an affirmative defense in his complaint. *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). However, if a plaintiff pleads facts that show that his suit is time-barred, he can plead himself out of court. *Tregenza*, 12 F.3d at 718. Here, Mr. Day states in his complaint that the shooting occurred on September 1, 1990 (Compl. ¶ 7), and that he was sentenced on January 29, 1993 (Compl. ¶ 13).

II. Federal Section 1983 Claims

The applicable statute of limitations for section 1983 claims is the forum state statute of limitations for personal injury torts. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001)

(citing *Wilson v. Garcia,* 471 U.S. 261, 276 (1985)). Therefore, section 1983 claims in Illinois are governed by a two-year statute of limitations. *Johnson,* 272 F.3d at 521; 735 ILCS 5/13-202. Although state law determines the limitations period for federal section 1983 actions, federal law determines when the action accrues. *Wilson v. Giesen,* 956 F.2d 738, 740 (7th Cir. 1991). Section 1983 claims of unlawful seizure accrue at the time of arrest. *Gonzalez v. Entress,* 133 F.3d 551, 553 (7th Cir. 1998). Although Mr. Day does not allege the date of his arrest, it was clearly sometime before January 29, 1993, the day he alleges he was sentenced. Thus, Mr. Day had, at the very latest, until January 29, 1995 to file his section 1983 unlawful seizure claim. Because Mr. Day did not file his complaint until June 11, 2002, this claim is time-barred.

With respect to conspiracy, section 1983 claims accrue separately for each alleged overt act in the conspiracy, and accrue "when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered." *Scherer v. Balkema,* 840 F.2d 437, 439-440 (7th Cir. 1988).[1] Here, all the acts alleged by Mr. Day as part of his conspiracy claim relate to the lineup and his arrest (Compl. ¶ 27) and thus occurred on or prior to his arrest.

---

[1] Although *Scherer* was a *Bivens* action against federal agents, its analysis of accrual of civil conspiracy claims applies to section 1983 actions against state actors. *See, e.g., Wilson v. Giesen,* 956 F.2d at 740.

3

This is the time when Mr. Day's conspiracy claim accrued. Again, because his arrest occurred no later than January 29, 1993, he had, at the very latest, until January 23, 1995 to file his section 1983 conspiracy claim. Like his federal illegal seizure claim, this claim is time-barred.

Mr. Day argues that under the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477 (1994), his section 1983 claims did not accrue until his conviction was invalidated in 2002. The Court in *Heck* held that "a [section] 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-90. The Seventh Circuit has repeatedly held, however, that section 1983 claims for damages resulting from false arrest not made pursuant to a warrant for arrest are not affected by *Heck,* and accrue immediately after the arrest. *Snodderly v. R.U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 897 (7th Cir. 2001) (collecting cases).[2] The distinction between section 1983 actions based on wrongful conviction or sentence and those based on false arrest is justified on the premise that a judgment in favor of a plaintiff on a claim of wrongful conviction or sentence would necessarily imply the invalidity of his conviction or sentence,

---

[2] In *Snodderly,* the Seventh Circuit distinguished arrests made pursuant to warrant on the ground that the warrant involves legal process, and thus malicious prosecution. *Id.* at 900. Mr. Day agrees that his arrest was without a warrant.

4

while a favorable judgment for a plaintiff on a claim of false arrest would not have the same implication. *Id.* at 896-97 (citing *Heck,* 512 U.S. at 486-87). "[O]ne can have a successful wrongful arrest claim and still have a perfectly valid conviction." *Booker v. Ward,* 94 F.3d 1052, 1056 (7th Cir. 1996). Because Mr. Day's section 1983 claims allege only false arrest and not malicious prosecution,[3] *Heck* does not apply and Mr. Day's claims accrued at the time of his arrest. Mr. Day's section 1983 claims are dismissed as time-barred.

III. State Law Claims

Generally, when all federal claims are dismissed before trial, I relinquish supplemental jurisdiction over any state law claims as well. *Bowman v. City of Franklin,* 980 F.2d 1104, 1109 (7th Cir. 1992) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966)). A recognized exception to the general rule arises when it is "absolutely clear" that the supplemental claims can be decided in only one way. *Bowman,* 980 F.2d at 1109. In that case, I should

---

[3] A malicious prosecution action against police officers is "anomalous" because criminal actions are prosecuted by the State's Attorney, not the police. *Snodderly,* 239 F.3d at 901. In order to state a claim of malicious prosecution against the police, a plaintiff must allege something beyond unlawful arrest; he must allege that officers committed some improper act after they arrested him such as pressuring or influencing prosecutors to indict, making knowing misstatements to prosecutors, testifying untruthfully, or covering up exculpatory evidence. *Id.* While Mr. Day alleges that one of the officers prevented an exculpatory witness from viewing lineups containing Mr. Day (Compl. ¶ 19), he does not allege that this occurred after his arrest.

5

decide the supplemental claims to save the time of the state court. *Id.* Here, it is absolutely clear that Mr. Day's state law claims are also time-barred.

The limitations period for state law claims against a municipality and its employees is one year. 745 ILCS 10/8-101. Under Illinois law, a cause of action begins to accrue "when facts exist that authorize the bringing of the action." *Grullon v. Vanacora*, No. 00 C 1652, 2002 WL 1553373, at *2 (N.D. Ill. July 15, 2002) (Plunkett, J.) (quoting *Namur v. Habitat Co.*, 691 N.E.2d 782, 786 (Ill. App. Ct. 1998)). The factual basis for a state law false arrest claim is that defendants arrested plaintiff without having a reasonable basis for doing so. *Grullon*, 2002 WL 1553373 at *2 (citing *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1231 (Ill. 1990)). Generally, this factual basis exists at the time of arrest and plaintiff knows, or reasonably should know, of it. *See, e.g., Grullon*, 2002 WL 1553373 at *2; *Pierce v. Pawelski*, No. 98 C 3337, 2000 WL 1847778, at *2 (N.D. Ill. Dec. 14, 2000) (Gottschall, J.); *but see Gens v. Speilman*, No. 93 C 1053, 1993 WL 420891, at *4 (N.D. Ill. Oct. 18, 1993) (Kocoras, J.) (denying motion to dismiss state law false arrest claim as time-barred where plaintiff plausibly claimed that it was not until after completion of his criminal trial that he realized he had been falsely arrested)[4].

---

[4] In *Gens*, plaintiff had been arrested and prosecuted for deceptive trade practices. 1993 WL 420891 at *1. He claimed that it was not until the completion of his trial that he learned that

6

Here, the factual basis for Mr. Day's false arrest claim existed at the time of his arrest, and nothing in his complaint suggests that he did not realize immediately that he had been falsely arrested. Thus, his state law false arrest claim accrued on the date of his arrest. Again, Mr. Day's arrest occurred sometime before January 29, 1993, the day he alleges he was sentenced. Thus, Mr. Day had, at the very latest, until January 29, 1994 to file his state law false arrest claim. Because Mr. Day did not file his complaint until June 11, 2002, this claim is time-barred.

Similarly, emotional distress claims accrue on the date defendants committed the act that allegedly caused the plaintiff's distress. *Dikcis v. Indopco, Inc.*, No. 96 C 5526, at *8 (N.D. Ill. 1997) (Castillo, J.) (citing *Dahl v. Fed. Land Bank Ass'n*, 572 N.E.2d 311, 314 (Ill. App. Ct. 1991)); *Henry v. Ramos*, No. 97 C 4025, 1997 WL 610781, at *3 (N.D. Ill. 1997) (Kocoras, J.) (dismissing as time-barred a state law emotional distress claim arising out of false arrest and police perjury). Here, the only acts of the defendants alleged to have caused distress occurred prior to and at the time of Mr. Day's arrest. As his arrest was sometime before January 29, 1993, Mr. Day again had, at the very latest, until January 29, 1994 to file his intentional infliction of emotional distress claim. This claim, like his state law false

---

a person with whom he had an unrelated business dispute had used his influence with the States Attorney and the Chicago Police to have plaintiff arrested and prosecuted. *Id.* at *1, *4.

7

arrest claim, is now time-barred.

IV.  Conclusion

All four claims in Mr. Day's complaint accrued at the time of his arrest. Although he does not plead the date of his arrest, it clearly occurred sometime before January 29, 1993, the date on which he alleges he was sentenced. Because he had two years to bring his section 1983 claims, and one year to bring his state law claims, they are all time-barred. Defendant's motion to dismiss is GRANTED.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated:     February 14, 2003